UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GIBSON AND COMPANY INSURANCE
BROKERS, INC., a California corporation, and
others similarly situated,

        Plaintiffs,

    v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, *et al.*,

        Defendants.

CASE NO. CV06-5342 DSF (SHx)

Hon. Dale S. Fischer

## FINAL JUDGMENT AND ORDER

On October 2, 2007, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the Settlement Agreement and certifying, for settlement purposes only, a Settlement Class.

On February 4, 2008, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. The Fairness Hearing was held in Courtroom 840 at the United States District Court for the Central District of California in Los Angeles, California. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered all papers filed in connection with the fairness hearing, including Plaintiff's petition for approval of Settlement Class Counsel

Payment and Incentive Award to Plaintiff, and statements made on the record,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the Plaintiff, Jackson National Life Insurance Company ("Jackson"), members of the Settlement Class, and the claims asserted in this lawsuit.

2. This Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Final Judgment and Order.

**Class Certification**

4. The Court finds that certification of the Settlement Class is appropriate under Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997). The provisionally certified Settlement Class is now finally certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), as follows:

> All subscribers of facsimile telephone numbers to whom Defendants sent or caused to be sent, via successful facsimile transmission, one or more faxes between July 9, 2005, and May 23, 2007, both dates inclusive, through Easylink Services Corporation ("EasyLink") (collectively, the "Faxes" or singularly, the "Fax"), as recorded in EasyLink Invoices remitted to Jackson (the "Settlement Class Members").
>
> Excluded from the Class are Jackson, any parent or subsidiary of Jackson, as well as the officers, directors, servants or employees of Jackson and the immediate family members of such persons.

5. The certification of the Settlement Class is non-precedential and without prejudice to Jackson's and Plaintiff's rights under the Settlement Agreement if the Settlement Agreement and this Final Judgment and Order do not become effective as provided in paragraph 17 of the Settlement Agreement.

6. Gibson & Company Insurance Brokers, Inc. is designated as representative of the Settlement Class.

7. Scott Z. Zimmermann of Zimmermann, Koomer, Connolly, Finkel & Gosselin LLP and C. Darryl Cordero of Payne & Fears LLP are appointed as Settlement Class Counsel.

## Class Notice

8. Class Notice was given to the Settlement Class in accordance with the Settlement Agreement by facsimile transmission (pursuant to the parties' first stipulation regarding notice to the Settlement Class and the Court's order thereon, dated November 13, 2007) on or before November 30, 2007, and by first-class mail (pursuant to the parties' second stipulation regarding notice to the Settlement Class and the Court's order thereon, dated January 3, 2008) on or about January 8, 2008. The Class Notice complies with the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

9. No objections were properly filed by Class Members.

10. A total of 64 persons or entities have validly requested exclusion from the Settlement Class. Lists of the persons or entities that have validly opted out of the settlement were filed

with the Court on January 18 and January 31, 2008.

## Class Relief

11. Jackson shall distribute the Class Relief (as defined in paragraph 4 of the Settlement Agreement) in accordance with the Settlement Agreement, including paragraph 10 thereof.

## Injunction Regarding Jackson TCPA Instruction

12. Jackson is directed to provide instruction: (1) regarding the Telephone Consumer Protection Act, and (2) regarding compliance with the Act and its implementing regulations, to all of its officers and employees responsible for the process of sending faxes through any third party, including, but not limited to, EasyLink.  This instruction will be provided within 30 days after the Effective Date (as defined in paragraph 26 of the Settlement Agreement).  Jackson will cooperate with Settlement Class Counsel to determine the parameters of these instructions; provided, however, that the instruction shall be given by Jackson or its designees and not by Settlement Class Counsel, and Jackson shall be solely responsible for such instruction, including its form and content.

**Injunction Regarding Settlement Class Members**

13. Plaintiff and each Settlement Class Member (except those persons and entities listed in the filings referenced in paragraph 10 of this Final Judgment and Order); and to the extent the Settlement Class Member is a business, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors, and assigns; and to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each Settlement Class Member, are hereby permanently enjoined, as of the date of this Order, from commencing or prosecuting any action arising out of any and all claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute,

contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that, as of date of the entry of this Order, arise out of or are related in any way to the transmission of the Faxes against Defendants, as well as all of their present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, insurers, franchisees, successors, and predecessors-in-interest; and all of the aforementioned's respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, insurers, independent contractors, and assigns.  Any person or entity who knowingly violates this injunction shall pay the costs and attorney's fees incurred by Jackson as a result of the violation.

**Award of Attorneys' Fees, Costs, and Incentive Award**

14. Jackson shall pay the Settlement Class Counsel Payment of $ 750,000 within 10 days of the Effective Date (as defined in paragraph 26 of the Settlement Agreement).  The Court finds this amount to be appropriate, as set forth in its separate order, filed concurrently.

15. Jackson shall pay Gibson an incentive award of $5,000 within 10 days of the Effective Date (as defined in paragraph 26 of the Settlement Agreement).  The Court finds that this payment is justified by Gibson's service to the Settlement Class.

## Other Provisions

16. Jackson has filed documents with this Court to show its compliance with 28 U.S.C. § 1715(b), which requires that Jackson notify the Attorney General of the United States and the Attorney General of each state where a Settlement Class Member resides.  The Court finds that Jackson has complied with this statute.

17. Jackson shall, in consultation with Settlement Class Counsel, administer the settlement in accordance with the terms of the Settlement Agreement.

18. The Lawsuit is dismissed with prejudice in accordance with and without abrogating the Settlement Agreement, without fees or costs except as expressly provided in this Settlement Agreement, and the dismissal is without prejudice as to

Settlement Class Members who have obtained proper and timely exclusion from the Settlement Class.

19. Notwithstanding the dismissal of the lawsuit as provided above, this Court retains continuing jurisdiction over this action, Plaintiff, Jackson, and all Settlement Class Members to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, enforcement or claims disputes.

20. The parties to the Settlement Agreement shall carry out their respective obligations thereunder.

21. If this Court's approval of the Settlement Agreement is reversed, vacated, or modified in any material respect by any court, the Settlement Agreement shall be canceled and shall have no force or effect whatsoever (except for paragraphs 16(b) and 29 thereof), Plaintiff and Jackson shall be restored to their respective positions as of the date the Settlement Agreement

was signed, any certification of the Settlement Class shall be vacated, the Lawsuit shall proceed as though the Settlement Class had never been certified, and no reference to the Settlement Agreement or the prior Settlement Class, or any documents related thereto, shall be made for any purpose; provided, however, that if the Settlement Agreement and this Final Judgment and Order are upheld on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full effect.  If the Settlement Agreement does not receive full and final judicial approval, Jackson retains the right to object to the propriety of class certification, including, but not limited to, objections concerning the manageability of the putative class and the fairness and efficiency of class certification.

Dated:  February 27, 2008

_____
Hon. Dale S. Fischer
United States District Judge